**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL ALLENDER,

Plaintiff,

v. No. CIV-O4-0935 BB/RLP

FREDDIE JOHN SCOTT, ISAAC F. PADILLA,
W. FRANK EMERSON, ARTURO CANDELARIA,
BENNIE COHOE, BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF CIBOLA, THE STATE OF NEW MEXICO,
CORNELIUS THOMAS, VAL R. PANTEAH, SR.,
CORRECTIONS CORPORATION OF AMERICA, CCA OF TENNESSEE, INC. AND
UNKNOWN PERSONS 1 THROUGH 100,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**DENYING MOTION TO AMEND JUDGMENT**

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment (Doc. 44) and Memorandum in Support (Doc. 45). The Court, having reviewed the record and considered the briefs of the parties, finds the motion not well-taken and it will be DENIED.

**I. BACKGROUND**

On January 27, 2005, this Court issued its decision granting the motion of Defendants Thomas and Panteah to certify them as federal employees acting within the scope of their employment. (Opinion, Doc. 42.) Plaintiff asks this Court to alter or amend the judgment based on four theories. First, that the land on which this incident occurred is not a "reservation";

second, the agreement between the State of New Mexico and the Ramah Navajo Chapter (RNC) is not valid; third, Defendants Thomas and Panteah were not validly cross-deputized by Cibola County; and fourth, that the Court's memorandum was unclear as to whether the Court found Defendants to be "federal law enforcement officers" as opposed to "federal employees."

## II. STANDARD OF REVIEW

Relief under Rule 59(e) is an extraordinary remedy which should be used sparingly. 11 Charles Alan Wright, et al., Federal Practice and Procedure, § 2810.1 (2d ed. 1995). It should be used "only to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). It may not be used to relitigate old matters. Fonteno v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986); Charles Alan Wright, et al., Federal Practice and Procedure, § 2810.1 (2d ed. 1995).

## III. DISCUSSION

The Court has jurisdiction here to answer two narrow questions: first, whether Defendants would be deemed federal employees, analyzed under federal law, and second, whether Defendants were acting within the scope of their employment, analyzed under state law. Indian Self-Determination Education and Assistance Act, Pub. L. 101-512 § 314, 104 Stat. 915 (1990) (codified in 25 U.S.C. § 450 f Note); Pattno v. U.S., 311 F.2d 604, 605 (10th Cir. 1962); Williams v. U.S., 350 U.S. 857 (1955).

1. Plaintiff asserts that the land in question is not a reservation.

Plaintiff argues that Defendant Thomas stopped him on private land that is not part of any formal reservation. (Memo. at 4.) However, whether there has been formal recognition of the Ramah reservation is irrelevant to the Court's decision.

The Court concluded that, among the United States, the State of New Mexico and the Ramah Navajo Chapter, there is a common understanding of the term "Ramah Navajo Reservation" because their mutual agreements reference that term (see Opinion p. 4 & n. 3); that the common understanding was reflected in the map admitted into evidence (id.); that Defendants were within the area commonly understood as the exterior boundaries of the Ramah Navajo reservation (id. at 3-4); that they were enforcing state law as called for in their RNC position descriptions (id. at 20); and that both were requested to assist with the enforcement of state law by, among other things, being cross-commissioned by the Cibola County sheriff (id. at 13).

For the limited purpose of determining whether Defendants Panteah and Thomas would be deemed federal employees and whether they were acting within the scope of their employment, the map, contracts, and commission cards admitted into evidence were sufficient to permit the Court to reach that conclusion. Nothing more is intended or implied by the Court's use of the term "reservation."

2. Whether the agreement with the State of New Mexico is valid.

Plaintiff asserts that because the Ramah reservation does not exist, the agreement with the State of New Mexico that authorizes RNC officers to enforce state law within "the exterior boundaries of the Ramah reservation" is somehow invalid. (Hearing, Ex. G1.) Plaintiff cites to no language in the agreement or to any case law to support this proposition. Moreover, whether the agreement is valid is not before the Court and is irrelevant to the Court's conclusions.

The Court found that the Indian Law Enforcement Reform Act (ILERA) only required that Defendants be "requested", not "authorized" to assist in the enforcement of state law (Opinion at 14.) The Court expressly found that ILERA does not require a written agreement to

request assistance with state law. (Opinion at 14, n. 11.) Thus the validity of the agreement is irrelevant to the Court's decision.

3. Whether Defendants Thomas and Panteah were validly cross-deputized.

Plaintiff again raises State v. Branham and argues that the case invalidates the cross-deputization of Defendants. 2004 WL 2892075 (N.M. App.) A Rule 59(e) motion may not be used to relitigate old matters. Fontenot, 791 F.2d at 1219; Charles Alan Wright, et al., Federal Practice and Procedure, § 2810.1 (2d ed. 1995). The Court refers Plaintiff to note 11 on the 14th page of the Court's opinion for why Branham is distinguishable from the facts here and is not controlling.

4. Whether Defendants are federal employees or federal law enforcement officers.

Only one of these two questions is before the Court--whether Defendants would be deemed federal employees. The Court has found that they would be. Whether Defendants are federal law enforcement officers should be determined in the first instance in the administrative claims process. 28 U.S.C. § 2675(a). The Court declines Plaintiff's invitation to issue an advisory opinion on a question over which it has no jurisdiction. Three-M Enterprises, Inc. v. U.S., 548 F.2d 293, 294 (10th Cir. 1977).

## IV. CONCLUSION

None of the questions posed by Plaintiff raise relevant issues pointing to manifest errors of law. Phelps, 122 F.3d at 1324. Plaintiff's motion is not well-taken and is DENIED.

**DATED** at Albuquerque this —— day of March, 2005.

BRUCE D. BLACK
United States District Judge

Attorneys:

For Plaintiff:
William G. Stripp
P.O. Box 159
Ramah, N.M. 87321

For Defendants Thomas and Panteah:
Sampson Martinez
P.O. Box 2415
Gallup, N.M. 87305

For the United States:
John Zavitz
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103

Dori Richards
U.S. Dep't of Interior
SW Regional Solicitor's Office
505 Marquette NW #1800
Albuquerque, N.M. 87102

For Defendant Cibola County Board of Commissioners:
Emma R. Brittain
Montgomery & Andrews
P.O. Box 2307
Santa Fe, N.M. 87504-2307

Sarah M. Singleton
Montgomery & Andrews
P.O. Box 2307
Santa Fe, N.M. 87504-2307

For Defendant State of New Mexico:
Ira Bolnick
NM Legal Bureau, RMD
P.O. Box 26110
Santa Fe, N.M. 87502

For Defendant Corrections Corporation of America and CCA of Tennessee, Inc.
Gail Gottlieb
Sutin, Thayer & Brown
P.O. Box 1945
Albuquerque, N.M. 87103